UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAURICE SANDERS,

    Petitioner,

v.      Case No. 3:22-cv-399-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Maurice Sanders, an inmate of the Florida penal system, initiated this action on April 5, 2022,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). He is proceeding on an Amended Petition (Amended Petition; Doc. 3). In the Amended Petition, Sanders challenges a 2016 state court (Duval County, Florida) judgment of conviction for aggravated assault and possession of a firearm by a convicted felon. He raises four grounds for relief. See Amended Petition at 5–10.[2] Respondents have submitted a memorandum in opposition to the Amended

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Petition, arguing that the action is untimely. See Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Response; Doc. 11). They also submitted exhibits. See Docs. 11-1 through 11-40. Sanders filed a brief in reply. See Reply Notice (Reply; Doc. 13). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Sanders has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See generally Response. The following procedural history is relevant to the one-year limitations issue. On July 24, 2014, the State of Florida charged Sanders by information with attempted second-degree murder and possession of a firearm by a convicted felon. Doc. 11-3 at 32–34. Following a trial, a jury found Sanders guilty of aggravated assault, a lesser included offense, and possession of a firearm by a convicted felon. Id. at 75–77. On September 14, 2016, the circuit court sentenced him to concurrent twenty-year terms of imprisonment. Id. at 113–21. The First District Court of Appeal (First DCA) per curiam affirmed the conviction and sentence without a written opinion on May 26, 2017, Doc. 11-8 at 1, and it issued the mandate on June 21, 2017, Doc. 11-9 at 2.

As Sanders's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Fla. R. App. P. 9.030(a)(2), Sanders's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Sanders to file a petition for writ of certiorari expired on Thursday, August 24, 2017 (ninety days after May 26, 2017). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Sanders had until August 24, 2018, to file a federal habeas petition. He did not file his Petition until April 5, 2022. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run the next day, August 25, 2017, and ran for 270 days until May 22, 2018, when Sanders filed a state petition for writ of habeas corpus. Doc. 11-10 at 1–17. The First DCA denied the petition on the merits on September 28, 2018. Doc. 11-11 at 1. On July 19,

2018, during the state habeas proceedings, Sanders filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 11-12 at 4–22. The circuit court summarily denied relief on December 5, 2018. Id. at 180–91. The First DCA per curiam affirmed the denial of relief without a written opinion on October 16, 2019, Doc. 11-15 at 1–2, and it issued the mandate on January 21, 2020, Doc. 11-18 at 1.

On April 9, 2020, and June 3, 2020, Sanders attempted to invoke the discretionary jurisdiction of the Florida Supreme Court (FSC). Docs. 11-19 at 1–2, 11-21 at 1–2. The FSC dismissed both cases, citing its lack of jurisdiction "to review an unelaborated decision from a district court of appeal that is issued without opinion or explanation or that merely cites to an authority that is not a case pending review in, or reversed or quashed by, [the FSC]." Docs. 11-20 at 1, 11-22 at 1. Therefore, the one-year limitations period did not toll during the time that these cases were pending in the FSC. See, e.g., Hall v. Sec'y, Fla. Dep't of Corr., No. 3:16-CV-951-J-39JBT, 2018 WL 4091986, at *2 (M.D. Fla. Aug. 27, 2018)[3] (finding that because the FSC found it lacked

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

5

jurisdiction to consider petitioner's all writs petition, it failed to toll petitioner's federal one-year statute of limitations).

On this record, Sanders's one-year limitations period remained tolled only until January 22, 2020, the day after the First DCA issued the mandate on appeal from the denial of Sanders's July 19, 2018 Rule 3.850 motion. Doc. 11-18 at 1. With no other properly filed motions tolling, the one-year period ran for 95 days until it expired on April 27, 2020.[4] Sanders filed the instant Petition on April 5, 2022. Sanders's Petition, therefore, is untimely filed[5] and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating

---

[4] The limitations period expired on Saturday, April 25, 2020; therefore, Sanders had until Monday, April 27, 2020, to file a federal habeas petition. See Fed. R. Civ. P. 6(a)(1)(C).

[5] None of Sanders's numerous state motions filed after April 27, 2020, could toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll").

6

that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Sanders to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Sanders's assertions in his Reply regarding the reasons for his untimely Petition are largely incomprehensible. Nevertheless, he appears to assert entitlement to equitable tolling based on his ignorance of the law. See Reply at 2 ("Petitioner was unaware same as the issue [sic] and unawareness [sic] of understanding of the language Writ of Habeas Corpus, Certiorari 30.5 of Appellate Practice which Petitioner was looking to ligate [sic] in the correct procedural court."). These vague assertions are unavailing. "As with any litigant, pro se litigants are deemed to know of the one-year statute of

limitations" and, therefore, "confusion or ignorance about the law" does not constitute extraordinary circumstances. Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013)[6] (quotation marks and citation omitted); see Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) (noting that ignorance of the law generally does not warrant equitable tolling). Accordingly, Sanders is not entitled to equitable tolling simply based on his confusion about the law. For the foregoing reasons, the Court finds that Sanders's Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Sanders seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Sanders "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the

---

[6] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now **ORDERED:**

1. Respondents' request to dismiss (Doc. 11) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Sanders appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate

of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of April, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 4/22
c: Maurice Sanders, #131324
   Counsel of record

10